FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
JUN 0 1 1999
JAMES W. McCORMACK, CLERK
By: _____
DEPT. CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JANE DOE (a pseudonym), by her next )
friends, Mr. and Mrs. JOHN DOE, )
her parents, )
              *Plaintiff*, )
)
v. )
)
LITTLE ROCK SCHOOL DISTRICT, )
)
              *Defendants*. )

No. LR-C-99-386

**COMPLAINT**

42 U.S.C. § 1983
28 U.S.C. § 1343(a)(3,4)

This case assigned to District Judge Reasoner
and to Magistrate Judge _____

**COMPLAINT**

The plaintiff alleges against the defendant:

I. INTRODUCTION

1.  This is an action for declaratory and injunctive relief against the "random scan" search policy of the Little Rock School District. Plaintiff was subjected to and will be subjected to unconstitutional random searches by the Safety and Security Department of the Little Rock School District.

II. PARTIES

2.  Plaintiff Jane Doe (a pseudonym) is a minor. She is a student in the Little Rock School District. She was last year and she will be next year. Because she is a minor, she is suing through her parents, Mr. and Mrs. John Doe. Furthermore, she was prosecuted in juvenile court because of the unconstitutional search she was subjected to in 1998. They are using a pseudonym to protect her privacy since juvenile proceedings are protected under Arkansas law.

3.   The defendant is the Little Rock School District (LRSD). It operates the school where plaintiff was searched. The Safety and Security Department of the Little Rock School District has promulgated a plan for conducting "random scan" searches.

### III. JURISDICTION

4.   Jurisdiction of the court is invoked under 42 U.S.C. § 1983, and its jurisdictional predicate, 28 U.S.C. § 1343(a)(3,4).

### IV. ACTS COMPLAINED OF

5.   The LRSD has a policy of random scans of students in its schools. LRSD Administrative Directive 94-05 SS provides, in pertinent part, as follows:

> 1. Each principal is to have a prepared plan for both general and random scanning in his/her building. This plan shall be kept on file at the offices of the Assistant Superintendents and the Director of Safety and Security. Said plan shall include details related to:
>
>    - the number of teachers to be used in the scanning process
>    - staff assignment
>    - procedures for search of the grounds and buses
>    - procedures for searching the building so that when a general student population scanning takes place, students may not enter or leave except through designated exits/entrances
>    - provisions for locker searches
>
> 2. Every principal shall conduct at least one general scan per month--minimum, two random scans per week--minimum, and one locker scan per week--minimum.
>
> 3. If weapons or illegal substances are found during the process of scanning, District policy concerning notification of the police, notification of the appropriate District administrators and disciplinary sanctions shall be followed.
>
>    . . .

    5.    General scans shall be defined as the use of metal detectors to search all students who are present at school on the day of the search. Random scans shall involve a search done with an identifiable group of students. For example:

- a bus load of students
- an entire class of students
- all students who eat lunch during a given lunch period
- all students during a specified class period
- locker search in a specified area

    6.    The conduct of scan searches shall follow these listed procedures:

- the metal detector shall be passed over the student on each side, front and back
- if any metal is registered, the student may be instructed to:
  - empty his/her pockets
  - pull up her/her pant leg so that socks and shoes may be checked
  - asked to take of jackets to be hand searched
  - asked to submit purses/book bags for search
  - asked to turn a belt buckle over to expose the backside in order to ensure that no weapon is concealed
  - once the object is located that caused the alarm and the alarm does not sound when passed over the student, the search shall stop at that point.

. . .

If after you have completed these processes and there is still a reasonable belief that the student is concealing a weapon on her/her person based on the sounds produced by the metal detector, the student may be asked to accompany an administrator of the same gender to the office. In the privacy of an office and with a same gender teacher present as a witness, the student will be asked to produce any weapon and metal items on his/her person. **At no time will a strip search be effected nor will any District employee touch or search the student.** [emphasis in original]

    6.    In 1998, during this past school year, the plaintiff was subjected to a random

3

search that produced marijuana, and she was prosecuted in Pulaski County Juvenile Court.

7.   In Juvenile Court, plaintiff entered into a negotiated plea to possession of a controlled substance, a class A misdemeanor, and she was sentenced to less than one year probation, suspension of her driver's license, a curfew, drug screens, and court costs.

8.   The legality of the search of her belongings and person was never litigated in Juvenile Court, and it was not essential to the judgment. Therefore, collateral estoppel does not bar this action. *Haring v. Prosise,* 462 U.S. 306 (1983) (§ 1983 claim over illegal search not barred by guilty plea where search neither litigated nor necessary to the state court judgment). *See Zinger v. Terrell,* 336 Ark. 423, 430, 985 S.W.2d 737, 741 (1999) (citing *Miller County v. Opportunities, Inc.,* 334 Ark. 88, 971 S.W.2d 781 (1998) (citing *Hill v. State,* 331 Ark. 312, 962 S.W.2d 762 (1998))).

9.   Because of this policy, plaintiff will inevitably be subjected to another random search in the coming school year. (Plaintiff is opting to not bring this as a class action for the sake of simplicity.)

V. Alleged Constitutional Violation

10.   The LRSD's policy of "random scan" searches of students are unreasonable searches, and they violate the Fourth (and Fourteenth) Amendment to the United States Constitution. These searches are not reasonable under the two United States Supreme Court cases dealing with public school student searches: *Vernonia School Dist. 47J v. Acton,* 515 U.S. 646 (1995); *New Jersey v. T.L.O.,* 469 U.S. 325 (1985).

11.   The current hysteria over guns in schools is no justification either, since none of those crimes could have been prevented by a "random scan" search.

4

VI. PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief:

    a.    a declaratory judgment that "random scan" searches violate the Fourth Amendment;

    b.    injunctive relief against the "random scan" policy;

    c.    her costs and attorney's fees under 42 U.S.C. § 1988.

Respectfully submitted,

PATRICK J. BENCA
Ark.Bar No. 99020
308 S. Louisiana Street
Little Rock, Arkansas 72201
(501) 376-6277 / fax (501) 376-6279

JOHN WESLEY HALL
Ark.Bar No. 73047   NV 005012  TN
                              DC 222315 NY 2752400
523 West Third Street
Little Rock, Arkansas 72201-2228
(501) 371-9131 / fax (501) 378-0888

*Attorneys for Plaintiff*