IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 19 2000

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

| | | |
|---|---|---|
| JANE DOE, INDIVIDUALLY AND ON BEHALF OF A PLAINTIFF CLASS CONSISTING OF ALL SECONDARY STUDENTS IN THE LITTLE ROCK SCHOOL DISTRICT | ) ) ) ) ) ) ) | No. LR-CV-99-386<br><br>**AMENDED COMPLAINT-CLASS ACTION**<br><br>42 U.S.C. § 1983<br>28 U.S.C. § 1343(a)(3,4)<br>Fed. R. Civ. P., Rule 23 |
| *Plaintiffs,*<br>v.<br>LITTLE ROCK SCHOOL DISRICT,<br>*Defendant.* | ) ) ) ) ) ) | |

## SECOND AMENDED COMPLAINT--CLASS ACTION

The plaintiff alleges against the defendant:

### I. INTRODUCTION

1. This is an action for declaratory and injunctive relief against the Little Rock School District ("LRSD") for "random scan" searches that have been conducted in their secondary public schools since 1994. Members of the Plaintiff Class have been subjected to at least one of these searches, while a secondary student in the LRSD. Miss Doe (a pseudonym) was most recently subjected to one of these searches in the 1998-1999 academic school year.

### II. PARTIES

2. Class Plaintiffs represent all secondary public school students who have started the seventh grade as of the 1999-2000 school year. Although students in the sixth grade are considered "secondary" students, plaintiffs have a good faith belief that

random scan searches have not taken place since the beginning of the 1999-2000 academic year. Plaintiff Doe (a pseudonym) was a minor at the time a "random search" was conducted on her. She was last year and is this year a student in the Little Rock School District. A pseudonym is used to protect her privacy as she was prosecuted as a juvenile as a result of information obtained after a random scan search was conducted on her. Juvenile proceedings are protected under Arkansas Law.

3. The Defendant is the Little Rock School District (LRSD). It operates and supervises numerous secondary schools in which these searches take place. The Safety and Security Department of the LRSD has promulgated a specific plan for conducting "random scan" searches.

### III. JURISDICTION

4. Jurisdiction of this court is invoked under 42 U.S.C. § 1983, and its jurisdictional predicate, 28 U.S.C. § 1343(a)(3,4). This class action complaint is being brought under Fed R. Civ. P. 23, and U.S. District Court Rules, Local Rule 23.1.

### IV. FACTS

5. The LRSD has been conducting "random scan" searches in all secondary schools in the LRSD since the implementation of Administrative Directive 94-05 SS ("Directive"). The procedure taken during these searches include choosing a classroom and notifying the students therein that a "scan search" is now going to be conducted. Students are then told to remove everything from their pockets and to place their bags and purses on the desk in front of them. The students are then asked to leave the classroom where a metal detector is run over their body to ensure that nothing metal is

leaving the room. When the students are in the hall, school personnel then search all items left by them. These searches would involve going through purses and backpacks of the children.

6. Miss Doe's purse was searched in the same manner, as described in paragraph 5, in the fall of 1998. While searching the purse of Miss Doe, a small amount of marijuana was found in a container within her purse. Subsequently, Miss Doe was arrested, and she was prosecuted in juvenile court. She entered into a negotiated plea to possession of a controlled substance, a class A misdemeanor, and she was sentenced to less than one year probation, suspension of her driver's license, a curfew, drug screens, and court costs.

## V. ACTS COMPLAINED OF

7. The Plaintiffs restates and re-alleges all the allegations contained in Paragraph 1 through 6.

8. The LRSD has a policy of "random scans" of students in its secondary schools. This policy is LRSD Administrative Directive 94-05 SS ("Directive").

9. Since implementation of the Directive, in 1994, random scan searches have been conducted in the secondary schools of the LRSD.

10. The Class Plaintiffs, have, on at least one occasion been subjected to a random scan search while a secondary student in the LRSD. These searches were done as described in Paragraph 5, *supra.*

11. Miss Doe was subjected to a random scan search in the fall of 1998, while a secondary student in the LRSD. Again, this search was done as described in Paragraph 5, *supra.*

12. Plaintiffs believe they will be subject to similar searches in the future.

## VI. ALLEGED CONSTITUTIONAL VIOLATIONS

13. The LRSD's policy of "random scan" searches of students are unreasonable searches, and they violate the Fourth (and Fourteenth) Amendment to the United States Constitution. These searches are not reasonable under the two (2) United States Supreme Court cases dealing with public school student searches: *Vernonia School Dist. 47J v. Acton*, 515 U.S. 646 (1995); *New Jersey v. T.L.O.*, 469 U.S. 325 (1985).[1]

14. The searches of the Plaintiffs, as described in Paragraph 5, were unreasonable, and they violate the Fourth (and Fourteenth) Amendment to the United States Constitution. Also, these searches are not reasonable under *Acton, supra,* and *T.L.O.*

## VII. CLASS ACTION ALLEGATIONS

15. This class action suit is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(2).

16. Allegations in support of this claim are as follows:

   a. This class includes all secondary public school students in the LRSD, save those students who became "secondary" students at the beginning of the 1999-2000 academic school year.

---

[1] In an August 26, 1999 order, the Court found the Directive, itself, constitutional, and granted Defendant's Motion to Dismiss as to that claim. The Plaintiffs re-raise this issue only to preserve the Court's ruling as to all plaintiffs in this amended class complaint.

    b. The basis of the claim comes from the constitutionality of the Directive <u>and</u> the way in which the random scan searches have been conducted since 1994.

    c. Miss Doe is an adequate representative of the class as she was a secondary student in the 1998-1999 academic school year when she was subjected to a random search. She is currently a secondary student in the LRSD.

    d. The specific question of law and fact are common to all plaintiffs.

## VII. PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief:

a. that the Court certify this matter as a class action pursuant to Fed. R. Civ. P. 23 and Local Rule 23.1;

b. a declaratory judgment that the Directive violates the Fourth Amendment;[2]

c. a declaratory judgement that these searches violate the Fourth Amendment;

d. injunctive relief from these types of searches;

e. Plaintiffs costs and attorney's fees under 42 U.S.C. § 1988.

Respectfully submitted,

Hampton & Larkowski
PATRICK J. BENCA
Ark. Bar. No. 99020
308 S. Louisiana Street
Little Rock, Arkansas 72201
(501) 376-6277 /fax(501) 376-6279

---

[2] *See* FN1

JOHN WESLEY HALL
Ark. Bar. No. 73047
523 West Third Street
Little Rock, Arkansas 72201
(501) 371-9131 /fax(501)378-0888

by: /s/ Patrick J. Benca
Patrick J. Benca

## CERTIFICATE OF SERVICE

I, Patrick J. Benca, do hereby certify that I mailed a copy of the above foregoing on this 12th day of April, 2000, to the following:

John C. Fendley, Jr.
Friday, Eldredge & Clark
2000 First Commercial Bldg.
400 West Capitol
Little Rock, Arkansas 72201-3407

/s/ Patrick J. Benca
Patrick J. Benca

C:/mydocs/clients/("doe")/compl03.class